# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VELASQUEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>H. LACKNER, Warden,<br><br>　　　　Respondent. | Case No. 1:14-cv-00268 LJO GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is in custody of the California Department of Corrections and Rehabilitation at the Sierra Conservation Center in Jamestown, California, pursuant to a 2011 conviction sustained in Kern County Superior Court for carjacking and second degree robbery. On January 6, 2012, he was sentenced to serve a sentence of twenty years in state prison.

On February 27, 2014, Petitioner filed the instant petition for writ of habeas corpus. He raises the following four claims for relief: (1) "The trial court erred in denying Petitioner's motion to suppress the evidence found in violation of Petitioner's Fourth Amendment right of the United States Constitution"; (2) "The trial court erred in granting prosecution witness Pablo Avalos immunity. This error denied Petitioner his due process rights within the meaning of the

United States Constitution"; (3) "Petitioner was denied his constitutional right to the effective assistance of counsel during his direct state appeal"; and (4) "The cumulative effect of the trial errors denied the Petitioner his constitutional right to a fair trial."

## DISCUSSION

I. Preliminary Review of Petition

    Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Failure to State a Cognizable Federal Claim

    In the first claim of his petition, Petitioner alleges the trial court violated his Fourth Amendment rights by denying his motion to suppress evidence. He contends he was subjected to an unreasonable search and seizure in violation of the Fourth Amendment when investigating officers conducted a warrantless search of his residence without permission or any exigent circumstances.

    The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976); see Woolery v. Arave, 8 F.3d 1325, 1328 (9th Cir.1993) ("We read Stone as a categorical limitation on the applicability of fourth amendment exclusionary rules in habeas corpus proceedings." (citations omitted)). The only inquiry this Court can make is whether Petitioner had a fair opportunity to litigate his claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.1996) ("The relevant inquiry is whether

1  petitioner had the opportunity to litigate his claim, not whether he did, in fact, do so, or even
2  whether the claim was correctly decided." (citations omitted)); Siripongs v. Calderon, 35 F.3d
3  1308, 1321 (9th Cir.1994) ("[Petitioner's argument goes not to the fullness and fairness of his
4  opportunity to litigate the claim, but to the correctness of the state court resolution, an issue
5  which Stone v. Powell makes irrelevant." (citation omitted)).

6        The policy behind Stone's holding is that the exclusionary rule is applied to stop future
7  unconstitutional conduct of law enforcement.  Stone, 428 U.S. at 492.  However, excluding
8  evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal
9  cost.  Id. at 489-90; Woolery, 8 F.3d at 1327-28.  Thus, the Ninth Circuit has described the
10 rationale for this rule by saying:

11
12
13
14
> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

15 Woolery, 8 F.3d at 1326; see also Stone, 428 U.S. at 493-494.

16       In this case, Petitioner's Fourth Amendment claim was litigated through a suppression
17 hearing in the Kern County Superior Court on September 12, 2011.  (Petition, Ex. A at 2-26.)
18 After hearing argument from the prosecution and the defense, the trial court denied the motion.
19 (Petition, Ex. A at 26.)  The Court finds that the state court provided Petitioner with a "full and
20 fair opportunity to litigate" his Fourth Amendment claim.  Stone, 428 U.S. at 494; Gordon v.
21 Duran, 895 F.2d 610, 613-14 (9th Cir.1990) (holding that motion pursuant to California Penal
22 Code Section 1538.5 provided opportunity in state court for "full and fair litigation" of Fourth
23 Amendment claim (quoting Stone, 482 U.S. at 481-82)).  Accordingly, the Court finds that
24 habeas relief is foreclosed on Petitioner's first claim.  The claim should be dismissed with
25 prejudice.

## RECOMMENDATION

27       Accordingly, the Court RECOMMENDS that Ground One of the petition for writ of
28 habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 19, 2014**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE